HOPE THORNTON, APPELLANT, v. MORRIS MALIN, DOING BUSINESS UNDER THE FICTITIOUS TRADE NAME AND STYLE OF MALIN FRENCH CLEAN-ERS, RESPONDENT.

No. 3634

April 4, 1951.                                        229 P.2d 915.

Emilie N. Wanderer, of Las Vegas, for Appellant.

Clarence Sundean, of Las Vegas, for Respondent.

**OPINION**

By the Court, BADT, C. J.:

This appeal presents two questions. (1) Did the trial court abuse its discretion in denying the plaintiff's motion for a continuance? (2) Was the trial court in

error in denying plaintiff's motion for a new trial? Plaintiff's complaint sought damages for defendant's careless and negligent cleaning of plaintiff's "knit garment," which left in it "a large quantity of ethyl ether and/or other cleaning agency," which caused serious burns to plaintiff's skin. The chronology of the proceedings was as follows:

March 6, 1950. Complaint served on defendant.

March 16, 1950. Defendant's answer filed.

March 17, 1950. Trial date set for May 25, 1950.

May 16, 1950. Commission ordered, on plaintiff's motion, to take deposition of Roger W. Truesdail, of Truesdail Laboratories, Inc., of Los Angeles, California, on written direct and cross interrogatories.

May 24, 1950. Plaintiff served notice on defendant that plaintiff would on May 25 move for a continuance. The court shortened time to one day for service of such notice. The notice stated that it would be made on the grounds set forth on an annexed affidavit of plaintiff's attorney, and would be based on such affidavit, on the attorney's oral testimony and on the proceedings theretofore had.

May 25, 1950. Motion for continuance presented on the affidavit and on an additional affidavit by plaintiff's attorney. Motion denied. Plaintiff testified in her own behalf and rested. Defendant's motion for a nonsuit granted, and judgment entered in favor of defendant for costs.

June 14, 1950. Plaintiff's motion for new trial denied. Her motion "for reargument of the motion for a continuance" also denied.

It is seen from the foregoing that issue was joined in ten days after defendant was served with summons and complaint. Plaintiff immediately obtained an order setting the trial for May 25, but she waited till nine days before that date before obtaining an order for a commission to take the deposition of Mr. Truesdail. In none of this does the record disclose any lack of cooperation

by the defendant. The motion for commission was on two days' notice. The proposed interrogatories were submitted four days later. Defendant made no objection to any of the proposed interrogatories, and proposed only three cross interrogatories. The day before the trial defendant was served with a one day's notice that a continuance would be sought on the ground of the absence of Mr. Truesdail and the absence of his deposition. Under these circumstances it was not unnatural that the trial judge should test carefully the sufficiency of the affidavit on which the motion for continuance was based, as well as its compliance with the rules of the district court.[1]

The affidavit in question recites that the garment was submitted to Truesdail Laboratories, Inc., of Los Angeles, California, for chemical analysis, and attached a copy of the unverified report made thereon. The report is dated December 27, 1949, some two months and ten days before the suit was filed. The affidavit

---

[1]"Rule XII. All motions for the continuance of causes shall be made on affidavit, and, when made on the ground of absence of witnesses, the affidavit shall state:

"First—The names of the absent witnesses, and their present residence or abiding place, if known.

"Second—What diligence has been used to procure their attendance, or depositions, and the causes of a failure to procure the same.

"Third—What the affiant has been informed and believes will be the testimony of each of such absent witnesses, and whether or not the same facts can be proven by other witnesses than parties to the suit, whose attendance or depositions might have been obtained.

"Fourth—At what time the applicant first learned that the attendance or depositions of such absent witnesses could not be obtained.

"Fifth—That the application is made in good faith and not for delay merely.

"And no continuance will be granted unless the affidavit upon which it is applied for conforms to this rule. * * * A copy of the affidavits upon which a motion for a continuance is made, shall be served upon the opposing party as soon as practicable after the cause for the continuance shall be known to the moving party. Counter-affidavits may be used in opposition to the motion. No amendments or additions to affidavits for continuance will be allowed after they have been read, and no argument will be heard on motions for a continuance, except such as relate to the sufficiency of the affidavits read on the hearing."

then states "that accordingly [sic] a commission was issued on the 17th day of May, 1950, to take the deposition of the chemist who submitted the report"; that on May 23, 1950, plaintiff's attorney received information from her associate in Los Angeles that the witness was not available for examination and would not be available for two weeks; that he was an essential witness and that plaintiff could not proceed to trial without his deposition. The unverified chemical report referred to indicated an excessive residue of ethyl ether, indicative of careless cleaning, which could cause irritation. At the hearing of the motion for continuance plaintiff submitted an additional affidavit subscribed by her attorney, not referred to in the notice of motion, which recited that another essential witness was unobtainable, namely, Dr. Karl Krause, the physician who treated plaintiff; that the doctor's secretary had assured plaintiff's attorney "that the doctor would be available on that date [May 25] to give testimony subject to a telephone call"; that on May 24 the affiant telephoned his office to remind him of the date, but was informed that the doctor had left on a vacation with his family and would not return for a week or ten days.

Respondent points out a number of respects in which both affidavits are said to fail to conform to Rule XII. In addition to failure of showing of diligence several minor infractions of the rule are cited. As the proceedings were not reported, we do not have before us the arguments seeking and opposing the continuance or the oral opinion of the trial judge in denying the continuance. Appellant says in her opening brief: "As a general rule the granting or refusal of an application for a continuance is wholly or largely within the sound discretion of the trial court. * *  *." Accepting this view, and the further view that such discretion may not be exercised absolutely, arbitrarily or capriciously, we are of the opinion that the situation as described above does

not permit us to conclude that the trial judge abused his discretion in denying the motion for continuance.

Appellant next assigns as error the court's denial of her motion for new trial. Such motion relied on newly discovered evidence, and was likewise supported by the affidavit of plaintiff's attorney, stating that after the dismissal of the action, one Mary Johnston informed her that she had knowledge of the condition of the machinery used in defendant's plant and knew it to be defective. Mary Johnston's affidavit is likewise attached to the same effect. Defendant filed a counter affidavit to the effect that Mary Johnston had never been on the premises prior to January 30, 1950 (some two months after the return of the cleaned garment to plaintiff) and had never seen the dry cleaning machinery or equipment prior thereto. Under the state of the record—the absence of a transcript of the testimony and proceedings, the absence of any indication as to the facts to which the plaintiff testified, the absence of any evidence of damage suffered by plaintiff or of any negligence on the part of the defendant, and the fact that the case was tried to the court without a jury, we can find no error in the order denying motion for new trial.

Plaintiff contends that it was error for the court to deny her motion made June 14 for leave to reargue her motion for a continuance of the trial. But the trial had theretofore been had and judgment entered. Any action on such motion would have been meaningless and futile. We find no merit in this assignment. Plaintiff also assigns as error the action of the court in granting the motion for nonsuit, and contends that the plaintiff's testimony made out a prima-facie case of negligence under the doctrine of *res ipsa loquitur*. However, the record does not contain any part of this testimony and we are therefore unable to consider this contention. Likewise assigned as error is the failure of the court to make

findings of fact. No findings were necessary. The judgment of nonsuit was simply a conclusion of the court that the plaintiff had failed to prove a sufficient case. N.C.L., sec. 8793, 1931–1941 Supp., Cann v. Williams Land & Livestock Co., 56 Nev. 242, 48 P.2d 887.

The judgment and the order denying new trial are affirmed with costs.

EATHER and MERRILL, JJ., concur.